## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BGC PARTNERS, INC., <u>et al.</u>**, <br><br> Plaintiffs, <br><br> v. <br><br> **AVISON YOUNG (CANADA) INC., <u>et al.</u>**, <br><br> Defendants. | Case No. 15-cv-00426 (CRC) |

### <u>MEMORANDUM OPINION</u>

On July 22, 2015, the Court granted a motion by Plaintiff BGC Partners, Inc. ("BGC") to remand this case to the District of Columbia Superior Court, where it had originated prior to Defendant Avison Young's removal based on federal bankruptcy and diversity jurisdiction. <u>See</u> <u>BGC Partners, Inc. v. Avison Young (Canada) Inc.</u>, Case No. 15-0426, 2015 WL 4483952, *1 (D.D.C. July 22, 2015) ("Mem. Op., ECF No. 19"). The Court concluded that it lacked certain types of bankruptcy jurisdiction because the case did not arise in or under a bankruptcy proceeding; that the Court was required, under 28 U.S.C. § 1334(c)(2), to observe the mandatory abstention rule for cases at most "related to" a bankruptcy proceeding; and that the parties were not completely diverse. In other words, to the extent the Court had jurisdiction, its decision took the form of a mandatory abstention order. Avison Young now moves this Court to reconsider its remand order, contending that the Court failed to address one of its arguments concerning bankruptcy jurisdiction, and that the Court misunderstood the scope and circumstances of its diversity arguments. Because the Court did in fact address Avison Young's arguments, and because the forum defendant rule defeats diversity jurisdiction, the Court will deny the motion.

**I.   Background**

As detailed in the Court's July 22, 2015 Memorandum Opinion, this case arose from a

dispute between two real estate brokerage firms, New York–based BGC and Toronto-based Avison Young. BGC alleges that Avison Young's expansion into the United States market was fueled by a conspiracy to steal clients and brokers from a third firm, Grubb & Ellis, which entered bankruptcy in 2012, and whose assets BGC purchased shortly thereafter. BGC further contends that Avison Young continued to steal Grubb & Ellis's brokers and commissions during the bankruptcy proceedings.

Later in 2012, BGC sued Avison Young in New York state court for tortious interference with contractual relationships, tortious interference with prospective business relationships, unjust enrichment, and other claims. See BGC Partners, Inc. v. Avison Young (Can.), Inc., 919 F. Supp. 2d 310, 313 (S.D.N.Y. 2013). After Avison Young removed that case to the United States District Court for the Southern District of New York, BGC sought remand, which the court granted because the parties as named were not completely diverse, the case was not significantly related to the prior bankruptcy proceeding, and the mandatory abstention doctrine prevented the court from exercising bankruptcy jurisdiction. Id. at 317–19. On remand, the state court dismissed the case for lack of personal jurisdiction. Pls.' Mem. Supp. Mot. Remand or Abstain 5.

BGC—along with its two affiliates G&E Acquisition Company, LLC, and G&E Real Estate, Inc.—then brought suit in the District of Columbia Superior Court against Avison Young; its affiliates Avison Young–Washington, D.C., LLC, and Avison Young (USA) Inc.; and its CEO, Mark Rose, again raising claims of tortious interference and unjust enrichment in addition to new claims for conspiracy, theft of trade secrets, and conversion. Following Avison Young's removal of the case to this Court—on the basis of federal bankruptcy jurisdiction due to the case's connection to the Grubb & Ellis bankruptcy, and diversity jurisdiction—BGC moved to remand. The Court granted the motion to remand, concluding that diversity jurisdiction and certain types of federal

bankruptcy jurisdiction were lacking and that the Court was required to abstain from exercising another type of bankruptcy jurisdiction.

Avison Young now moves this Court to reconsider its decision granting BGC's motion to remand. It contends that the Court misconstrued its assertion of "arising under" jurisdiction and failed to fully consider the relevant facts pertaining to diversity jurisdiction. Because the Court did consider Avison Young's argument as to "arising under" jurisdiction and because the forum defendant rule bars diversity jurisdiction in this case, the Court will deny the motion to reconsider.

**II.  Analysis**

A.  Jurisdiction to Reconsider the Court's Remand Order

As an initial matter, the parties differ on whether the Court has jurisdiction to entertain Avison Young's motion for reconsideration. BGC contends that the Court's remand order divested it of jurisdiction over any subsequent motion in the case. Avison Young counters that the Court retains jurisdiction over the motion because its remand order had not yet been certified to the Superior Court when the motion was filed. The resolution of this question is not entirely straightforward. Avison Young is incorrect that the remand order was not certified prior to the filing of its motion. The remand order was issued and transmitted by the Clerk of the District Court on July 23, 2015, and the Superior Court re-opened and docketed the case the same day. See BGC Partners, Inc. v. Avison Young (Canada) Inc., District of Columbia Courts, https://www.dccourts .gov/cco/maincase.jsf (last visited Dec. 15, 2015) (search for party name to access docket sheet). Avison Young did not file the present motion until August 3, 2015.

But that does not necessarily end the inquiry. Title 28 of the U.S. Code, section 1447(d) provides in relevant part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." "Or otherwise" logically includes review on a motion for reconsideration filed with the district court. See In re Lowe, 102 F.3d 731, 734 (4th

Cir. 1996). The Supreme Court has made clear, however, that § 1447(d) bars review only of remand orders "based on the grounds specified in [28 U.S.C.] § 1447(c), that is, a defect in removal procedure or lack of subject matter jurisdiction." Kircher v. Putnam Funds Trust, 547 U.S. 633, 640 (2006) (citing Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343–45 (1976), abrogated on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996)). Applying this principle, the Supreme Court and lower courts have permitted appellate review of remands based on a host of reasons not specified in § 1447, including discretionary Burford abstention. See Quackenbush, 517 U.S. at 714–15; Burford v. Sun Oil Co., 319 U.S. 315 (1943). The question, then, is whether the Court's remand here—which, as noted above, was based on mandatory abstention under 28 U.S.C. § 1334(c)(2)—amounts to a remand for lack of subject matter jurisdiction. If it does not, then this Court may retain some residual jurisdiction to reconsider its order, despite the fact that 28 U.S.C. § 1334(d) explicitly bars review of remands based on mandatory abstention "by the court of appeals . . . or by the Supreme Court." Neither party has raised this issue, and the Court declines to resolve it in the absence of briefing. In order to clarify its prior ruling, the Court will assume, without deciding, that it has jurisdiction to consider the motion for reconsideration.

      B.     "Arising In" Versus "Arising Under" Jurisdiction

Federal courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). But federal courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Id. § 1334(b) (emphases added). "Arising under" jurisdiction lies if "the claim is made pursuant to a provision of title 11." In re U.S. Office Prods. Co. Sec. Litig., 313 B.R. 73, 79 (D.D.C. 2004). And "arising in" jurisdiction is limited to "administrative matters that arise only in bankruptcy cases and have no existence outside of the bankruptcy proceedings," such as regulating court-appointed attorneys in

4

bankruptcy cases and addressing misconduct by trustees. In re Kaiser Grp. Int'l, Inc., 421 B.R. 1, 8 (Bankr. D.D.C. 2009); see also Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 489 (D.C. Cir. 2009) ("[P]roceedings or claims arising in Title 11 are those that are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.").

Avison Young contends that the Court addressed "arising in" jurisdiction even though Avison Young did not assert it, and that the Court failed to address the argument it did assert for "arising under" jurisdiction. While the Court incompletely labeled the jurisdictional analysis section of its earlier opinion "'Arising in' Jurisdiction," Mem. Op., ECF No. 19, at 4, it addressed "arising under," as well as "arising in," jurisdiction in that section. The Court noted that § 362(k) of title 11 provides a cause of action that BGC could have brought, and that "arising under" jurisdiction would lie if a violation of that section had been alleged. The Court went on to explain that, because BGC did not bring a claim under that section, but rather mounted only state law claims not made "pursuant to a provision of title 11," U.S. Office Prods., 313 B.R. at 79, "BGC's claims against Avison Young therefore do not arise under bankruptcy law," Mem. Op., ECF No. 19, at 5. Because the Court did not fail to address Avison Young's argument for "arising under" jurisdiction, reconsideration is not warranted. And because the Court concluded, and continues to conclude, that "arising under" jurisdiction was absent,[1] reconsideration would not alter any of the Court's other conclusions, such as that with respect to mandatory abstention.

---

[1] It bears noting that this is not the only court to have concluded as much on similar facts. In BGC Partners, Inc. v. Avison Young (Canada) Inc., No. 15-c-3017, 2015 WL 7251954 (N.D. Ill. Nov. 17, 2015), the court considered the same question with respect to 11 U.S.C. § 362(k) and a similar complaint by BGC and determined that there was no "arising under" jurisdiction: "The court need not decide whether BGC *could have* stated claims under § 362(k); it is enough to say that BGC did not." Id. at *3.

### C. Diversity Jurisdiction

Avison Young also contends that the Court did not consider all of its diversity jurisdiction arguments and overlooked the totality of the circumstances surrounding BGC's diversity jurisdiction assertions. According to Avison Young, BGC did not offer sufficient proof of citizenship, and therefore, further jurisdictional discovery is needed to determine whether there is diversity jurisdiction. BGC counters that not only is there no diversity of citizenship, but that even if there were, the forum defendant rule would prevent Avison Young from removing the case to this Court.

Avison Young acknowledges that several members of its subsidiary AY-Washington, D.C. are citizens of the District of Columbia. Defs.' Opp'n Mot. Remand, Ex. H. As the Court explained in its previous opinion, even if all of BGC's subsidiaries were completely diverse from Avison Young and its subsidiaries, the forum defendant rule bars removal based on diversity jurisdiction because Avison Young, through members of a subsidiary, is a citizen of Washington, D.C. See 28 U.S.C. § 1441(b)(2); Mem. Op., ECF No. 19, at 9. It is therefore unnecessary for the Court to reconsider its decision with respect to diversity jurisdiction.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [20] Defendant's Motion to Reconsider is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER  
United States District Judge

Date: December 16, 2015